UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal Case No. 11-20551

TROY IVORY,

    Defendant.
_____/

**OPINION AND ORDER CONSTRUING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE FOR JAIL CREDITS AS A MOTION FOR HABEAS RELIEF UNDER 28 U.S.C. § 2241 AND DENYING THE MOTION AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

Currently pending before the court are two motions filed by Defendant Troy Ivory. The first is a motion to appoint counsel. The second is a motion related to the calculation of Defendant's jail credits, which, for the reasons explained below, the court will construe as a motion for habeas relief under 28 U.S.C. § 2241. The court previously ruled that both motions would be decided without oral argument. (ECF No. 1844.) During the past few months, Defendant has also been in near-constant communication with the court's staff regarding the pending motions as well as a variety of subjects. The court's case manager receives almost daily calls from Defendant and multiple written communications each week. For the reasons explained below, the court will deny Defendant's motions.

## I. BACKGROUND

On March 20, 2013, Defendant was charged in a two-count second superseding indictment for conspiracy to distribute and possess with intent to distribute controlled

substances in violation of 21 U.S.C. §§ 841(a)(1), 846 and health care fraud conspiracy in violation of 18 U.S.C. §§ 1347, 1349. (ECF No. 189, PageID.840–43.) Several months later, on July 23, 2013, Defendant was sentenced in Macomb County Circuit Court for a second-offense domestic violence charge and home invasion in the first degree. (ECF No. 1847, PageID.18288.) Defendant pleaded guilty to the federal charges, and on November 20, 2015, was sentenced to 120 months of imprisonment concurrent with his undischarged term of imprisonment for the state court charges. (ECF No. 1832, PageID.11039.) Defendant did not appeal his federal sentence.

In the instant motion, Defendant argues that the BOP failed to award him 28 months in jail credits for time served prior to the commencement of his federal sentence. (ECF No. 1843, PageID.18139.)

## II. STANDARD

The court will construe the instant motion, submitted to the court in the form of a letter, as a motion for habeas relief under 28 U.S.C. § 2241 because Defendant challenges the manner of execution of his sentence rather than the validity of his sentence. *Lewis v. United States*, 50 F. App'x 294, 294 (6th Cir. 2002)("A federal prisoner may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 if he seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credits."); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (citing *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987)) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply[,] . . . an attack upon the

execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition.").

A defendant must exhaust all administrative remedies available before pursuing habeas relief under § 2241. *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001) ("[A]lthough a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies."); *see also United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."). Federal courts lack jurisdiction to consider claims brought under § 2241 when a defendant fails to exhaust all of his administrative remedies before filing. *See United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) (reversing and remanding for lack of jurisdiction the district court's denial of a post-conviction motion for sentencing credits under 18 U.S.C. § 3585); *United States v. Lee*, No. 19-3926, 2020 U.S. App. LEXIS 9586, at *7 (6th Cir. Mar. 26, 2020).

### III. DISCUSSION

Defendant argues that he is owed 28 months in jail credits. He claims that he should receive credit for his state sentence pursuant to U.S.S.G. § 5G1.3(b) because his state convictions were used to "enhance" his federal guidelines. (ECF No. 1843, PageID.18138.) Although Defendant does not specifically argue that he exhausted his administrative remedies, he states in his reply that he "address[ed]" the matter with different BOP employees. (ECF No. 1852, PageID.18365.)

3

The Government argues that Defendant failed to exhaust the BOP's three-part administrative remedy program regarding the calculation of his jail time credits and that, accordingly, this court lacks jurisdiction to consider the instant motion. (ECF No. 1847, PageID.18294.) In support, the Government points to a BOP Administrative Remedies Report generated on April 17, 2020, which shows that "no remedy data exists" for Defendant. (ECF No. 1847-2, PageID.18308.) The Government also argues no other timely mechanisms exist—either under Federal Rules of Criminal Procedure 35 or 36 or 28 U.S.C. § 2255—for Defendant to challenge his jail time credit calculation. (*Id.* at 18294–98.) Finally, the Government argues that the portion of the Sentencing Guidelines relied on by Defendant in support of his motion, U.S.S.G. § 5G1.3(b), is not applicable because Defendant's state court convictions did not relate to his federal offenses. (*Id.* at 18299.)

The court agrees with the Government that Defendant has not exhausted any of his administrative remedies related to his request for jail credits. His failure to do so deprives this court of jurisdiction. The Sixth Circuit very recently addressed this precise issue:

> Lee also contends that the district court abused its discretion in denying his request for jail time credit. "[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3585(b) and *United States v. Wilson*, 503 U.S. 329, 333 (1992)). Accordingly, the district court lacked authority to grant Lee credit for time served in state custody. As the government correctly points out, the Bureau of Prisons makes the jail credit determination, and Lee may seek review of that determination through the administrative process. *See Setser v. United States*, 566 U.S. 231, 244 (2012); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). Only after exhausting his administrative remedies through the Bureau of Prisons may Lee seek judicial review of

the jail credit determination by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Setser*, 566 U.S. at 244; *Westmoreland*, 974 F.2d at 737.

*Lee*, No. 19-3926, 2020 U.S. App. LEXIS 9586, at *6–*7. Based on the BOP report attached to the Government's response (ECF No. 1847-2, PageID.18308), the court concludes that it presently lacks jurisdiction to hear Defendant's claims. *Lee*, No. 19-3926, 2020 U.S. App. LEXIS 9586, at *6–*7; *see also Singh*, 52 F. App'x at 712; *Westmoreland*, 974 F.2d at 737. This determination ends the court's inquiry into the instant matter.[1] In the absence of any live controversy, the court will also deny without prejudice Defendant's motion for appointment of counsel. Accordingly,

IT IS ORDERED that Defendant's "motion for reduction of sentence for jail credits" (ECF No. 1843) is CONSTRUED as a motion for habeas relief under 28 U.S.C. § 2241 and is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for appointment of counsel (ECF No. 1833) is DENIED WITHOUT PREJUDICE.

                                                     s/Robert H. Cleland              /
                                                     ROBERT H. CLELAND
                                                     UNITED STATES DISTRICT JUDGE

Dated: May 13, 2020

---

[1] Although the court will not reach the merits of Defendant's arguments in the absence of jurisdiction, the court observes that Defendant cannot receive "double credit" for time towards his federal sentence which has already been credited towards his state sentence. *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003). Additionally, U.S.S.G. §5G1.3(b) does not appear to apply to Defendant's case because his state court convictions for domestic violence and home invasion were not relevant conduct to his federal crimes. *See United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015) (explaining the "relevant conduct" standard under U.S.S.G. §5G1.3).

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 13, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                  /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\11-20551.IVORY.jail.credits.2241.HEK.RHC.docx