**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 11-cr-20551-37

D-37 TROY IVORY,

Defendant.
_______________________________/

**OPINION AND ORDER TERMINATING AS MOOT DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING DEFENDANT'S MOTION TO CORRECT PRESENTENCE INVESTIGATION REPORT**

Pending before the court are two motions. The first is Defendant Troy Ivory's "Motion to Appoint Counsel," filed September 27, 2020. (ECF No. 1894.) The second is Defendant's "Motion to Correct Presentence Investigation Report," filed January 5, 2021. (ECF No. 1929.) On March 23, 2021, the Government filed a response to Defendant's second motion only. (ECF No. 1937; *see also* ECF Nos. 1938–1941.) Defendant did not file a reply. Having reviewed the parties' submissions, the court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(1)–(2). For the reasons stated below, the court will terminate as moot Defendant's motion to appoint counsel and will further grant Defendant's motion to correct his presentence investigation report ("PSR").

**I. RELEVANT BACKGROUND**

On March 20, 2013, Defendant was charged in a two-count second superseding indictment for conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846 and health care fraud conspiracy in violation of 18 U.S.C. §§ 1347, 1349. (ECF No. 189, PageID.840–43.) Several

months later, on July 23, 2013, Defendant was sentenced in Macomb County Circuit Court for a second-offense domestic violence charge and home invasion in the first degree.[1] (ECF No. 1847, PageID.18288.) Thereafter, Defendant pleaded guilty to his federal charges, and on November 20, 2015, was sentenced to 120 months of imprisonment concurrent with his undischarged term of imprisonment for the state court charges. (ECF No. 1832, PageID.11039.) Defendant did not object to any portions of his federal PSR at sentencing. (ECF No. 1911, PageID.19630–31, 19647–48.)

Defendant's federal PSR included information from his state PSR regarding his domestic violence second and first-degree home invasion convictions. (ECF No. 1929, PageID.19811–12.) Specifically, as part of the federal PSR's criminal history, paragraph 44 detailed the facts underlying Defendant's state convictions, largely echoing the state PSR's "Agent's Description of the Offense." (Id. at PageID.19812.) This description makes reference to an alleged sexual assault perpetrated by Defendant on a victim. (Id.) However, over two years prior, Defendant timely objected to the inclusion of the sexual assault during his state sentencing because the victim did not testify to such an assault at trial. (Id. at PageID.19813–14.) With the prosecution in agreement, on the record, the state circuit court judge resolved to strike the relevant portions of the state PSR. (Id.) For whatever reason, the state PSR was not then amended to reflect the state judge's ruling. Rather, in the fall of 2020, Defendant filed a subsequent motion to correct PSR, similar to the one at bar, which the state court ultimately granted. (ECF No. 1937, PageID.19864.) Defendant now seeks to amend his federal PSR so that it reflects the state PSR's corrections.

[1] 2012-003582-FH.

## II. DISCUSSION

### A. Motion to Appoint Counsel

In his motion to appoint counsel, Defendant invokes 28 U.S.C. § 2241 and Federal Rule of Civil Procedure 44, seeking the assistance of counsel to challenge the Federal Bureau of Prison's ("BOP") failure to award him 28-month's jail credit for time served prior to the commencement of his federal sentence.[2] (ECF No. 1929, PageID.19377–78.) However, rather than await the court's resolution of his motion, on May 3, 2021, Defendant filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," which included among other claims the alleged issue with Defendant's jail credit. (Case No. 21-cv-11048, ECF No. 1.) On August 31, 2021, the court resolved Defendant's petition, summarily denying it for lack of jurisdiction under 28 U.S.C. § 2241 and further directing Defendant to inform the court within 30 days as to whether he wished to have his petition reclassified as a motion to vacate under 28 U.S.C. § 2255. Defendant did not respond. (Case No. 21-cv-11048, ECF No. 8, PageID.29, 34.) Thus, Defendant's motion to appoint counsel is moot and will be terminated as such.

[2] Notably, Defendant's motion was filed a mere 4 months after the court's May 13, 2020 "Opinion and Order Construing Defendant's Motion for Reduction of Sentence for Jail Credits as a Motion for Habeas Relief Under 28 U.S.C. § 2241 and Denying the Motion and Denying Without Prejudice Defendant's Motion for Appointment of Counsel." (ECF No. 1854.) In that opinion, the court specifically found that it lacked jurisdiction to hear Defendant's claim—namely, that he is owed 28 months in jail credits—because Defendant "ha[d] not exhausted any of his administrative remedies related to his request for jail credits." (Id. at PageID.18377–78.) Finding an absence of any live controversy, the court further "den[ied] without prejudice Defendant's motion for appointment of counsel." (Id. at PageID.18378.) The pending motion does not articulate any change in circumstances or indicate that Defendant exhausted his administrative remedies with the BOP.

**B. Motion to Correct PSR**

Relying exclusively on state law, Defendant seeks correction of his federal PSR consistent with that made to his state PSR, claiming that the inclusion of inaccurate information regarding an alleged sexual assault has negatively impacted his placement in federal custody as well as his access to certain programming. (ECF No. 1929, PageID.19804–05.) The Government is not necessarily opposed to such modification. (ECF No. 1937, PageID.19865–66.) In fact, “the [G]overnment notes that clearly the federal PSR was based upon the state PSR that was not properly corrected” and “clearly the erroneously included information would not have been included in the federal PSR but for the failure of the state probation office to make the corrections requested by the state court, defendant, and his counsel.” (Id.) However, the Government is “uncertain” whether modification of the federal PSR is permissible given that both the 14-day objection window under Federal Rule of Criminal Procedure 32(i)(1)(D) and sentencing have passed. Nonetheless, “if it is possible, the [G]overnment’s counsel would stipulate to a modification of paragraph 44 of the federal PSR, to omit any references of a sexual assault, so the federal PSR aligns with the corrected copy of the state PSR.” (Id. at PageID.19866.)

Though not raised by either party, an avenue for Defendant’s requested relief is available through Federal Rule of Criminal Procedure 36. Titled “Clerical Error,” Rule 36 provides that, “[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.” Fed. R. Crim. P. 36. In explaining this rule, the Sixth Circuit indicated:

> Although the federal rules do not define what constitutes a clerical error, this court has held that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug.15, 2000) (unpublished) (quoting *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996)). Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice & Procedure* § 611 (3d ed. 2004) ("It is only a clerical error that may be corrected at any time under [Rule 36]. An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of the rule.").

*United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). A PSR is "part of the record" for purposes of Rule 36. *See United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016); *United States v. Ratliff*, 735 F. App'x 702, 703-04 (11th Cir. 2018); *United States v. Gianfortuna*, 2014 WL 4594820 (E.D. Mich. 2014) (Parker, J.); *United States v. Rich*, 2021 WL 2935247 (E.D. Mich. 2021) (Cox, J.).

While perhaps a close call, the court finds the correction sought by Defendant here amounts to a clerical error under Rule 36. Though he should have more carefully reviewed his PSR before indicating his lack of objection to its substance, Defendant should not be faulted after he took the appropriate steps in state court to correct his PSR. As the Government asserts, "clearly the erroneously included information would not have been included in the federal PSR but for the failure of the state probation office to make the corrections requested by the state court, defendant, and his counsel." (ECF No. 1937, PageID.19865–66.) Effectively, the failure of the state probation office can be construed as a copying mistake, as the drafting agent seemingly by rote pulled an offense description from the relevant police report without regard to the contrary

testimony from the victim at trial. (ECF No. 1929, PageID.19811.) Therefore, the federal PSR should be corrected to conform with the recent modifications made to Defendant's state PSR.

**III. CONCLUSION**

Due to the court's denial of Defendant's habeas corpus petition under 28 U.S.C. § 2241 in Case Number 21-cv-11048, Defendant's request for counsel to assist in bringing a § 2241 petition is now substantively moot. Defendant's motion to correct his PSR, however, is well met. Federal Rule of Criminal Procedure 36 provides an avenue for the relief sought. Accordingly,

IT IS ORDERED that Defendant's "Motion for Appointment of Counsel" (ECF No. 1894) is TERMINATED AS MOOT.

IT IS FURTHER ORDERED that Defendant's "Motion to Correct Presentence Investigation Report" (ECF No. 1929) is GRANTED. The United States Probation Office is ORDERED to amend paragraph 44 of Defendant's Presentence Investigation Report such that it conforms with the modifications made to Defendant's state Presentence Investigation Report in Case Number 2012-003852-FH within 14 days of this order.

s/Robert H. Cleland /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 4, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\11-20551.IVORY.MotionToAppointCounsel&MotionToAmendPSR.EKL.docx